Case 4:21-cv-02265   Document 1-1   Filed on 07/13/21 in TXSD   Page 1 of 8

6/8/2021 5:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54227540
By: Cecilia Thayer
Filed: 6/8/2021 5:19 PM

NOTE: THIS DOCUMENT CONTAINS SENSITIVE DATA

CAUSE NO. _____

| | | |
|---|---|---|
| **ANDRE ROMAIN SAMUELS** § | | **IN THE DISTRICT COURT** |
| **INDIVIDUALLY AND A/N/F** § | | |
| **OF Z.S., A MINOR** § | | |
| *Plaintiffs,* § | | |
| § | | |
| v. § | | **OF HARRIS COUNTY, TEXAS** |
| § | | |
| **LIFE TIME FITNESS, INC.** § | | |
| *Defendant.* § | | **_____ JUDICIAL DISTRICT** |

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, ANDRE ROMAIN SAMUELS, INDIVIDUALLY, and A/N/F of ZED SAMUELS, a minor, Plaintiffs in the above-numbered and entitled cause of action (hereinafter referred to as "Plaintiffs"), and files this their Original Petition complaining of Defendant, LIFE TIME FITNESS, INC. (hereinafter referred to as "Defendant") and would respectfully show unto the Court as follows:

**PARTIES**

1. Plaintiffs, at all times relevant to this cause of action, have been residents of Galveston County, Texas.

2. Defendant LIFE TIME FITNESS, INC. (hereinafter referred to as "DEFENDANT") at all times relevant to the instant litigation is believed to be a foreign company doing business in the State of Texas and may be served with citation by serving its registered agent, National Registered Agents, Inc., located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Plaintiffs will effectuate service according to the Texas Rules of Civil Procedure.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and the subject matter of this action as Plaintiffs seek damages in an amount within the jurisdictional limits of this Court.

4. Venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code section 15.002(a)(2), in that Plaintiffs' causes of action accrued in whole or in part in this county.

## DISCOVERY

5. It is intended that discovery in this action be conducted under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

## MISNOMER/ ALTER EGO

6. In the event any party is misnamed or is not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

7. Further, to the extent that any above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE and Plaintiffs hereby respectfully demand that, upon answering this suit, that any such Defendant answer in their correct legal name and assumed name.

## FACTS

8. This cause of action is brought under and by virtue of the laws of the State of Texas to recover those damages which Plaintiffs are justly entitled to receive as reasonable medical expenses, pain and suffering, physical impairment, disfigurement and mental anguish, which Plaintiffs have suffered, and in reasonable probability, will continue to suffer in the future, resulting directly and proximately from personal injuries suffered in an incident that occurred on

or about September 2, 2019.

9. On or about September 2, 2019, Plaintiff Z.S., was seriously injured on the premises located at 19250 Gulfbrook Drive, Friendswood, Texas 77546. Upon information and belief, those premises are occupied, controlled, leased, and/or owned by Defendant. On that date, Plaintiff Z.S., who was an invitee on the premises, was allowed to be pushed by another invitee on the premises and fell. This incident was directly due to the negligent supervision of Defendant, under whose direct care and supervision Plaintiff Z.S. had been entrusted. As a result of this fall, Plaintiff sustained serious injuries for which Plaintiff required medical treatment including, but not limited to, surgical repair of fractured bones in Plaintiff Z.S.'s forearm.

## NEGLIGENCE OF DEFENDANT LIFE TIME FITNESS INC.

10. On the above date, Defendant, LIFE TIME FITNESS, INC., upon information and belief were the lessees or owners of the premises located at 19250 Gulfbrook Drive, Friendswood, Texas 77546, and occupied and controlled the premises where this incident occurred, which created a duty upon it to reasonably supervise its employees entrusted to provide its child care services, so that incidents of this nature do not occur.

11. Plaintiff would show that the following acts, omissions and/or conditions by Defendant LIFE TIME FITNESS, INC., were a direct and proximate cause of Plaintiff's damages:

   a. Defendant failed to properly supervise their employees;

   b. Defendant allowed for inadequate supervision by its child care employees;

   c. Defendant was negligent in training their employees;

   d. Defendant failed to properly maintain a safe environment for the children entrusted to its care; and

   e. other acts of negligence to be established at time of trial.

12. Each of the foregoing acts and omissions, taken singularly or in combination constituted negligence and was a proximate cause of Plaintiff's injuries and damages as set forth below.

### NEGLIGENT ACTIVITY OF DEFENDANT LIFE TIME FITNESS INC.

13. On the above date, Defendant, LIFE TIME FITNESS INC., upon information and belief were the owners or lessees of the premises located at 19250 Gulfbrook Drive, Friendswood, Texas 77546, and occupied and controlled the location of the incident where Plaintiff was injured because of Defendant's negligent activity which was ongoing at the time Plaintiff was injured. Defendant and its employees owed a duty to Plaintiff to exercise reasonable care to promote a safe environment for the childcare provided to its customers. Defendant breached the duty of reasonable care it owed Plaintiff by:

   a. failing to have procedures in place to ensure its employees were performing childcare duties correctly;

   b. failing to properly train, or ensure its training was effective on proper observation and care of children while in its care;

   c. generally discharging its responsibilities as the operator, manager, controller, general contractor, and maintainer of the childcare area in a random, haphazard, and careless manner; and/or;

   d. committing other negligent acts or omissions to be established at the time of trial

14. Each of the foregoing acts and omissions, taken singularly or in combination constituted negligence and was a proximate cause of Plaintiff's injuries and damages as set forth below.

### NEGLIGENT UNDERTAKING OF DEFENDANT LIFE TIME FITNESS INC.

15. On the above date, Defendant, LIFE TIME FITNESS INC., upon information and belief were the owners or lessees of the premises located at 19250 Gulfbrook Drive, Friendswood,

Texas 77546, and occupied and controlled the location of the incident where Plaintiff was injured as a result of Defendant's negligent undertaking which was ongoing at the time Plaintiff was injured. Defendant and its employees owed a duty to Plaintiff to exercise reasonable care while providing childcare services to Plaintiff. Defendant breached the duty of reasonable care it owed Plaintiff by:

    a. failing to have procedures in place for employees to always have the children under direct observation when in Defendant's care;

    b. failing to properly train, or ensure its training was effective on procedures for employees to keep children under observation while in Defendant's care;

    c. failing to safely provide its services to Plaintiff while Plaintiff was under the direct custody and care of Defendant;

    d. failing to exercise reasonable care in the delivery of its services; and/or

    e. committing other negligent acts or omissions to be established at the time of trial.

16. Each of the foregoing acts and omissions, taken singularly or in combination constituted negligence and was a proximate cause of Plaintiff's injuries and damages as set forth below.

## RESPONDEAT SUPERIOR OF DEFENDANT LIFE TIME FITNESS INC.

17. Defendant is legally responsible to Plaintiffs for acts and omissions of their employees, agents, servants and representatives under the legal doctrines of *respondeat superior*, agency and/or ostensible agency. As a result, thereof, the Defendant is vicariously liable for all negligence of their employees, agents, servants and representatives.

## DAMAGES

18. As a direct and proximate result of the negligence of Defendant, Plaintiff Z.S. was injured. Further, to the extent, if any, that Plaintiff Z.S. suffered from any pre-existing and/or prior

condition, if any, the fall, at a minimum, aggravated and/or worsened such condition to the point that it became symptomatic or more symptomatic than it was before the fall. The negligence of Defendant has proximately caused Plaintiffs to suffer the following elements of damages in the past and Plaintiffs will, in all reasonable probability continue to suffer such elements of damage in the future:

> 1) medical care and expenses;
>
> 2) physical and mental pain and anguish;
>
> 3) physical impairment;
>
> 4) disfigurement; and
>
> 5) loss of earning capacity.

Plaintiffs have suffered damages from Defendant's wrongful conduct described herein. As discussed in this Petition, Plaintiffs have suffered not only easily quantifiable economic damages but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future. Both the Constitution of the United States and the Constitution of the State of Texas provide Plaintiffs with the inalienable fundamental right to have their case heard and decided by a jury of their peers at trial. In accordance with these fundamental rights, it will ultimately be the responsibility and province of a jury of Plaintiffs' peers to decide the economic value of the damages Plaintiffs suffered as a result of Defendant's wrongful actions and omissions which form the basis of this lawsuit. However, as Plaintiffs are required by law to state the maximum amount of damages they are seeking, Plaintiffs believe that when the totality of their damages is considered, along with the wrongful nature of Defendant's conduct, it is possible that a jury may ultimately decide that Plaintiffs' damages exceed $250,000 (two hundred fifty thousand dollars), but it is unlikely that a jury would decide that Plaintiffs' damages exceed

$1,000,000 (one million dollars). Plaintiffs, therefore, sue for a sum in excess of the jurisdictional limits of the Court to be determined by the jury in its sole discretion.

## JURY DEMAND

19.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs demand trial by jury and tender the jury fee along with this filing.

## RULE 193.7 NOTICE

20.     You are hereby given notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 of Plaintiffs' intent to offer any and all documents produced by Defendants in response to any discovery request as evidence in any pretrial proceeding or at trial.

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT

21.     Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs hereby respectfully serve upon Defendant, Plaintiff's First Request for Production attached hereto as Exhibit A, with Defendant's answers, responses, and/or objections thereto due fifty-one (51) days from the service of this lawsuit. The documents and tangible things requested should be produced by Defendant at the offices of Plaintiffs' counsel, John K. Zaid & Associates, 16951 Feather Craft Lane, Houston, Texas 77058.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

22.     Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs hereby respectfully serve upon Defendant, Plaintiffs' First Set of Interrogatories attached hereto as Exhibit B, with Defendant's answers, responses, and/or objections thereto due fifty-one (51) days from the service of this lawsuit. Defendant's answers, responses, and/or objections may be used as evidence at the trial of this lawsuit. Defendant's answers, responses, and/or objections should be served by

Defendant to the offices of Plaintiffs' counsel, John K. Zaid & Associates, 16951 Feather Craft Lane, Houston, Texas 77058.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ANDRE ROMAIN SAMUELS Individually, and A/N/F of ZED SAMUELS, a minor, pray that Defendant LIFE TIME FITNESS, INC., be cited to appear and answer herein, and that upon final trial hereof, Plaintiffs recover from said Defendant, a sum in excess of the minimum jurisdictional limits of the Court as stated above, costs of Court, pre-judgment and post judgment interest at the legal rate, and any and all further relief, both general and special, legal and equitable to which Plaintiffs may be justly entitled.

Respectfully submitted,

**JOHN K. ZAID & ASSOCIATES**

By: _____
    **JOHN K. ZAID**
    State Bar No. 24037764
    john@zaidlaw.com
    **RYAN E. BILL**
    State Bar No. 24087038
    ryan@zaidlaw.com
    **GREGORY M. GARVIN**
    State Bar No. 24107003
    gregory@zaidlaw.com
    16951 Feather Craft Lane
    Houston, Texas 77058
    Telephone: (281) 333-8959
    Facsimile:  (888) 734-1236
    E-Service:  service@jkz.legal

**ATTORNEYS FOR PLAINTIFF**